```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
```

DANIEL ORIAKHI,

        *Petitioner*,          **MEMORANDUM AND ORDER**
                                                          23-cv-5569 (KAM)

  - against -

DEPARTMENT OF HOMELAND SECURITY and
UNITED STATES CITIZEN AND
IMMIGRATION SERVICES,

        *Respondents*.

```
------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

       Petitioner Daniel Oriakhi ("Mr. Oriakhi") commenced this action on July 21, 2023 by filing a *pro se* habeas petition pursuant to 28 U.S.C. § 2241, in which he requests that this Court intervene in his efforts to adjust his immigration status. (*See generally* ECF No. 1, the "Petition".) Mr. Oriakhi paid the filing fee to commence this action. (ECF No. 2, Filing Fee Receipt.) For the reasons that follow, the Petition is hereby dismissed because this Court lacks jurisdiction to consider Mr. Oriakhi's request.

## BACKGROUND

       Unless otherwise stated, the following facts are taken from the Petition and assumed to be true for purposes of this Memorandum and Order. On November 8, 2012, a Department of Homeland Security ("DHS") officer entered a final administrative

removal order against Mr. Oriakhi.  (Petition at 3-4; *id.* app. 4, exhibit A, "Final Removal Order.")  In pertinent part, the Final Removal Order stated that Mr. Oriakhi is "not a citizen or national of the United States and that [he] is not lawfully admitted for permanent residence," that he is "ineligible for any relief from removal that the Secretary of Homeland Security[] may grant in an exercise of discretion," and that he is "deportable as an alien convicted of an aggravated felony," as well as ordered that he be removed from the United States to Nigeria  (Final Removal Order.)

Approximately six and a half years later, on or about April 8, 2019, Mr. Oriakhi filed a United States Citizen and Immigration Services ("USCIS") Form I-485 "to adjust [his] status to lawful permanent resident with the [USCIS]" on the basis that he was the relative of a U.S. citizen or another lawful permanent resident who had submitted a USCIS Form I-130 (a form titled "Petition for Alien Relative") on Mr. Oriakhi's behalf (the "I-485 Application").  (Petition at 4.)  In a notice dated April 25, 2019, USCIS rejected Mr. Oriakhi's I-485 Application but asked him to "resubmit [his] application with the proper documentation," which in his case comprised the USCIS Form I-130 naming Mr. Oriakhi as a beneficiary.  (*Id.* at 3; *id.* app. 4, exhibit C.)

Mr. Oriakhi then resubmitted his I-485 Application on September 10, 2019 attaching a copy of his USCIS Form I-130.  (Petition at 4.)  In a letter dated September 27, 2019, USCIS

2

directed him to appear at a support center in Queens, New York on October 17, 2019 so that USCIS could collect his biometric information. (*Id.* at 4; *id.* app. 2.) Then, in a letter dated January 13, 2020, the USCIS denied Mr. Oriakhi's I-485 Application "because USCIS does not have jurisdiction to decide whether [he] [is] eligible for adjustment of status since an Immigration Judge entered a Final Removal Order against [him] on November 8, 2012." (Petition at 4; *id.* app. 1 ("Notice of Decision").)

Mr. Oriakhi unsuccessfully sought to reverse the Notice of Decision by submitting requests in or around January 2020 to (i) the USCIS at its office at 26 Federal Plaza in New York, New York, (ii) the Immigration Court at 201 Varick Street in New York, New York and (iii) the Immigration Court at 1901 South Bell Street in Arlington, Virginia. (Petition at 5-6.) In a brief dated April 3, 2023 and captioned for DHS and USCIS, Mr. Oriakhi wrote, in part, "Had I been issued a Notice to Appear . . . instead of the [Final Removal Order ] . . .[,] [m]y resulting outcome would potentially be different." (*Id.* app. 4, Motion to Change Venue, Brief in Support ¶ 7.)

Mr. Oriakhi has filed two prior petitions in this Court seeking judicial intervention in his immigration proceedings. The Court dismissed both petitions, finding that it lacked jurisdiction to consider Mr. Oriakhi's requests under 8 U.S.C. § 1252(a)(5), which provides in part that "a petition for review

3

filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." *See Oriakhi v. DHS*, No. 20-cv-821 (KAM), 2020 WL 3430682, at *1 (E.D.N.Y. June 23, 2020); *Oriakhi v. DHS*, No. 21-cv-2373 (KAM), 2021 WL 2037820, at *1 (E.D.N.Y. May 21, 2021).

In June 2021, Mr. Oriakhi petitioned the Second Circuit Court of Appeals for relief, "asserting that he was ordered removed without a notice to appear." *Oriakhi v. Garland*, No. 21-6385, 2022 WL 3479214, at *1 (2d Cir. Feb. 10, 2022). The Second Circuit dismissed the petition for lack of jurisdiction, because Mr. Oriakhi did not file it within 30 days of his removal order. *Id.* (citing *Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011)).

In his July 2023 Petition in this action, Mr. Oriakhi now argues that the Final Removal Order, by ordering that he be removed without first providing him with a notice to appear and an opportunity to contest the proceedings, violated his due-process rights under the Fifth Amendment. (Petition at 3, 6-11.) On that basis, he asks this Court for an order "invalidating the deportation order and directing DHS/USCIS to grant the I-485 [A]pplication." (*Id.* at 12.)

On July 16, 2024, Mr. Oriakhi filed a motion to stay deportation or removal proceedings pending resolution of the Petition. (ECF No. 4.) On July 24, 2024, the United States Attorney's Office for the Eastern District of New York filed a

4

letter on behalf of DHS and USCIS ("Respondents") requesting that the Court dismiss the Petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(5).  (ECF No. 5.)  Mr. Oriakhi responded on July 31, 2024, opposing Respondents' request for dismissal and asking that the Court direct Respondents to produce a copy of "the immigration judges' [sic] removal and deportation order against me, dated November 8, 2012," and "attending hearing transcripts." (ECF No. 6 at 2-3.)

## DISCUSSION

As the Court explained when dismissing Mr. Oriakhi's two prior petitions, the federal district courts' jurisdiction over immigration matters is limited by 8 U.S.C. § 1252(a)(5) and (b)(2). Only "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings" may review an order of removal.  8 U.S.C. § 1252(b)(2); see also id. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal").  This limitation applies to direct challenges and to any claims that are "inextricably linked to" a removal order, including mandamus actions to compel USCIS to consider adjustment-of-status petitions that indirectly challenge a prior removal order.  See Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam); Singh v. USCIS, 878 F.3d 441, 445-46 (2d Cir. 2017) (affirming dismissal

5

for lack of subject matter jurisdiction based on § 1252(a)(5)'s jurisdictional limitation).

Mr. Oriakhi's Petition and other submissions indicate that he was issued a Final Removal Order on November 8, 2012. Regardless of Mr. Oriakhi's factual assertions and legal arguments, this Court cannot adjudicate his claims because it does not have jurisdiction over any challenge to a removal order that has not been disturbed.  Accordingly, the Petition is dismissed.

As the Court lacks jurisdiction over Mr. Oriakhi's challenge to the immigration proceedings, it denies Mr. Oriakhi's request for an order compelling production of a November 8, 2012 order of an immigration judge or judges and of associated transcripts of any hearings concerning the November 8, 2012 order. Nonetheless, the Court recommends that the United States Attorney's Office for the Eastern District of New York work with Respondents to voluntarily produce to Mr. Oriakhi available documents that are part of the record of any decisions made as to Mr. Oriakhi's immigration status, and that may assist him in understanding the legal significance of his immigration status.

## CONCLUSION

For the foregoing reasons, the Petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the

6

purpose of any appeal. The Clerk of Court is respectfully directed to enter judgment dismissing the action and to close this case. The United States Attorney's Office for the Eastern District of New York is respectfully directed to mail a copy of this Order and the judgment to Mr. Oriakhi and note service on the docket.

**SO ORDERED**

Dated:     January 8, 2025
           Brooklyn, New York

                                          **HON. KIYO A. MATSUMOTO**
                                          United States District Judge
                                          Eastern District of New York